UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STEPHEN H. BELL, )
      )
    Plaintiff, )
      )
v. ) No. 3:08-cv-391
      ) (Phillips)
SUNTRUST MORTGAGE, INC. and )
ROBERT RIVERNIDER, individually and )
d/b/a CUT ABOVE VENTURES, LLC, )
      )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the court on defendant SunTrust Mortage, Inc.'s Motion to Dismiss [Doc. 4]. For the reasons that follow, the motion is **GRANTED**.

**I.    BACKGROUND**

This action concerns a mortgage loan plaintiff obtained to purchase property in Sevier County, Tennessee. Plaintiff alleges that defendants SunTrust Mortgage, Inc. ("SunTrust") and Robert Rivernider, individually and doing business as Cut Above Ventures, LLC, "fraudulently increased and grossly overstated the Plaintiff's income, and the value of the property and as such, qualified the Plaintiff for a higher loan than their [sic] verifiable income and the property could support." [Doc. 1-2, ¶16]. Plaintiff additionally alleges various failures to disclose and to provide plaintiff with documentation required by law.

Accordingly, plaintiff has alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 to 2617, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601

-1-

to 1677, as well as violations of the "Deceptive and Unfair Trade Practices Act."[1]  Plaintiff seeks rescission of his mortgage and an injunction prohibiting foreclosure.

Defendant SunTrust moves to dismiss under Rule 12(b)(6) for failure to state a claim.

## II. STANDARD OF REVIEW

When considering a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (inner citation omitted).

## III. ANALYSIS

### A. RESPA and TILA

RESPA was enacted to "[e]nsure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the [real estate] settlement process and are protected from unnecessarily high settlement charges."  15 U.S.C. § 2601(a) (2006).

---

[1] Plaintiff has not provided any citation for this act, and "the court is not aware of any such act in Tennessee or under federal law.  The Tennessee Consumer Protection Act, however, prohibits unfair and deceptive practices. Perhaps this is the act to which the plaintiffs refer." *LaPorte v. Wells Fargo Bank, N.A.*, No. 3:08-cv-376, 2009 WL 2146324, at *1 n.3 (E.D. Tenn. July 14, 2009).

Similarly, TILA encourages greater transparency in real estate and other credit transactions by "assur[ing] a more meaningful disclosure of credit terms." 15 U.S.C. § 1601(a) (2006). Both statutes, however, expressly exempt credit transactions for business, commercial, or agricultural purposes. 12 U.S.C. § 2606(a)(1) (RESPA "does not apply to credit transactions involving extensions of credit ... primarily for business, commercial, or agricultural purposes."); 15 U.S.C. § 1603(1) ( TILA "does not apply to ... [c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes."). TILA further specifies that it "exempts credit transactions other than those where the security interest relates to real property to be used as the borrower's principal dwelling." *LaPorte v. Wells Fargo Bank, N.A.*, No. 3:08-cv-376, 2009 WL 2146324, at *3 (E.D. Tenn. July 14, 2009) (citing 15 U.S.C. § 1603(3)).

Accordingly, several courts have found that where individuals obtain a mortgage to buy secondary property to rent to other persons, such transactions are for business or commercial purposes, exempting them from RESPA and TILA. *LaPorte*, 2009 WL 2146324, at *2 (discussing *Antanuous v. First Nat'l Bank of Ariz.*, 508 F. Supp. 2d 466 (E.D. Va. 2007); *Puckett v. Ga. Homes, Inc.*, 369 F. Supp. 614 (D.S.C. 1974); *Dunn v. Meridian Mortgage*, No. 3:09CV00018, 2009 WL 1165396 (W.D. Va. May 1, 2009)).

Similarly, the court finds that plaintiff in the instant action obtained the property for commercial rental purposes; RESPA and TILA therefore do not apply to his mortgage. *Cf. LaPorte*, 2009 WL 2146324, at *2 (E.D. Tenn. July 14, 2009) (concluding RESPA and TILA did not apply to plaintiffs' claims because plaintiffs used the properties for commercial rental purposes). First, plaintiff alleges that his "principle [sic] residence is located at 112 Dover Avenue, Egg Harbor Township, NJ, 08234." [Compl., Doc. 1-2, ¶ 6]; *see LaPorte*, 2009 WL 2146324, at *2 (finding the

property to be for rental purposes in part because "[t]he plaintiffs specifically aver in their complaint that their principal dwellings are not the properties in Sevier County or West Palm Beach, Florida; rather, the plaintiffs reside in New Jersey, Illinois, Connecticut or Arizona"). Elsewhere in the complaint he alleges that the Tennessee residence in question is his principal dwelling, [*e.g.*, Doc. 1-2, ¶ 13],[2] which plaintiff argues renders it "premature at this time to make any assumptions as to the intent of the Plaintiffs [sic] with regard to residency," [Doc. 6 at 1]. While under a motion to dismiss the court is required to "construe the complaint in the light most favorable to the plaintiff," the court is only required to draw "*reasonable* inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (emphasis added). The court "need not accept as true ... unwarranted factual inferences." *Id.* (quotation omitted). The only reasonable inference here is that plaintiff used the property as commercial rental property. In addition to alleging that his principal residence is in New Jersey, plaintiff expressly alleges that the property was for commercial rental purposes. [Compl., Doc. 1-2 at ¶ 16 ("Defendant[] Robert Rivernider promised Plaintiff that he would ... rent the property, and pay the Plaintiff the rental income."); *id.* ¶ 15 (alleging that the property could not support the amount loaned)]; *see LaPorte*, 2009 WL 2009 WL 2146324, at *2 ("Further, the plaintiffs claim that the properties were purchased as investments; they claim that defendant Rivernider promised to rent the properties and pay the plaintiffs and the mortgages from

---

[2] It appears that there is a typographical error resulting from plaintiff using a prior complaint as a template. Paragraph 13 of the complaint states that "the Defendants retained and/or acquired a security interest in the Plaintiff's principal dwelling located at 1916 Cougar Crossing Way, Sevierville, TN 37876," [Doc. 1-2 at ¶ 6], whereas "[t]he property subject to the mortgage is located at 1659 Mountain Lodge Way, Sevierville, TN 37862," [*id.* ¶ 5]. From the memorandum in support of defendant's motion to dismiss, it appears that the Mountain Lodge Way address is the property in question. [Doc. 5 at 2]. Furthermore, from an inspection of documents filed in a related case, *LaPorte v. Wells Fargo Bank, N.A.*, No. 3:08-cv-376 (Jordan, J.), cited throughout this opinion, it appears that the Cougar Crossing Way property is the subject matter of that case. In any event, reading the complaint in its entirety, the court finds it unreasonable to infer that plaintiff resides in Tennessee. The only reasonable inference to be drawn from the complaint is that he resides in New Jersey and uses the Tennessee property for rental purposes.

the rental receipts.").

Defendant SunTrust's motion to dismiss is therefore granted with regard to all claims under RESPA and TILA, including claims for relief via rescission of the mortgage and an injunction prohibiting foreclosure.

### B. Deceptive and Unfair Trade Practices

As mentioned above, the court is unaware of any act entitled "The Deceptive and Unfair Trade Practices Act," and plaintiff has not provided the court with any citation thereto. Accordingly the court finds plaintiff has failed to state a claim with regard thereto, and defendant's motion is granted as to Count Three.

### C. Fraud

Plaintiff has also alleged common law claims of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Defendant argues that plaintiff has failed to plead his claim of fraud with particularity as required by Rule 9(b). Plaintiff responds that "[a] lengthy recital is not required and a short, plain statement setting for the necessary elements as done here is sufficient." [Doc. 6 at 2].

It is true that "Rule 9(b) should be interpreted in harmony with Rule 8's statement that a complaint must only provide a short and plain statement of the claim made by simple, concise, and direct allegations." *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008) (quotations removed). Nevertheless, a plaintiff is not relieved of the responsibility of alleging the "time, place and content of the alleged misrepresentation," as well as "the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id*. at 504

-5-

Case 3:08-cv-00391-TWP-CCS   Document 13   Filed 09/02/09   Page 5 of 7   PageID #: 96

(quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007)). Pleading these elements "ensur[es] that a defendant is provided with at least the minimum degree of detail necessary to begin a competent defense" to a claim of fraud. *Id.*

Plaintiff has not alleged any of the above elements with sufficient detail under Rule 9(b). Plaintiff contends that

> Defendants individually and/or through it [sic] agents made the following statements to the Plaintiff that were false and misleading prior to the closing at issue:
>
> (a) The annual percentage rate to be charged for the loan;
> (b) The finance charge(s) for the loan;
> (c) The amount financed;
> (d) The total payments;
> (e) The payment schedule; and
> (f) That Defendant Rivernider would pay the mortgage.

[Compl., Doc. 1-2 at 7]. Nowhere in the complaint does plaintiff allege the substance of any of the above identified elements. Plaintiff has failed to allege the annual percentage rate that SunTrust charged for the loan; the finance charges incurred; the amount loaned to plaintiff; the total payments he has made; and the payment schedule. Neither does plaintiff allege the time and place of the closing or these alleged misrepresentations. While "particularity" is fairly liberally interpreted as "sufficient detail," plaintiff has failed to provide any detail whatsoever. Accordingly, plaintiff has failed to comply with Rule 9(b)'s requirement of alleging the time, place, and content of the alleged misrepresentation. *SNAPP, Inc.*, 532 F.3d at 504. SunTrust's motion is therefore granted with regard to plaintiff's claims for fraud.

**IV. CONCLUSION**

For the foregoing reasons, defendant SunTrust's Motion to Dismiss [Doc. 4] is **GRANTED**, whereby all claims against SunTrust are **DISMISSED**.

-6-

Case 3:08-cv-00391-TWP-CCS   Document 13   Filed 09/02/09   Page 6 of 7   PageID #: 97

**IT IS SO ORDERED**.

**ENTER:**

　　　s/ Thomas W. Phillips　
United States District Judge