# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| STEPHEN BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-cv-391 |
| ) | (Phillips/Shirley) |
| SUNTRUST MORTGAGE, INC., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion for Relief from the Court's Order of Dismissal [Doc. 18]. Plaintiff seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure. [*Id.*]. Plaintiff seeks to have the Order of Dismissal [Doc 13] set aside so that he can file an amended complaint. [Doc. 18]. Defendant SunTrust Mortgage, Inc. (hereafter, "SunTrust") has responded [Doc. 22], and plaintiff has replied [Doc. 24].

For the following reasons, plaintiff's Motion for Relief from the Court's Order of Dismissal [Doc. 18] is **DENIED**, whereby all claims against defendant SunTrust remain **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

On September 26, 2008, plaintiff filed a complaint against defendant SunTrust. [Doc. 1]. Plaintiff alleged that defendant SunTrust violated the Real Estate Settlement Procedures Act ('RESPA"), violated the Trust in Lending Act ("TILA"), and committed fraud. [*Id.*]. On January 20, 2009, defendant filed a Motion to Dismiss [Doc. 4]. On February 18, 2009, plaintiff responded

1

[Doc. 12].

On July 14, 2009, plaintiff appointed a new attorney, D. Scott Hurley. On September 2, 2009, the Court entered an Order dismissing all claims against defendant SunTrust. [Doc. 13]. More than thirty days after the complaint was dismissed, plaintiff filed a Motion for Relief from the Court's Order of Dismissal [Doc. 18]. Plaintiff seeks to have the Order of Dismissal [Doc 13] set aside so that he can file an amended complaint. [*Id*.]. Defendant SunTrust has responded, arguing that the Court should not set aside the Order of Dismissal. [Doc. 22]. Plaintiff has replied. [Doc.24].

## II. ANALYSIS

### A. Introduction

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may obtain relief from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff seeks relief on two grounds. First, plaintiff seeks relief under Rule 60(b)(1), arguing

2

that his failure to file an amended complaint was either "excusable neglect" or "inadvertence." Second, plaintiff seeks relief under Rule 60(b)(6), the catch-all provision. As the Sixth Circuit has explained, "Rule 60(b) clauses (1) and (6) are mutually exclusive and the court must first analyze whether clause (1) applies before proceeding to analyze whether clause (6) applies." *DirecTV, Inc. v. Turk*, 282 Fed.Appx. 382, at *2 (6th Cir. 2008) (citations omitted). Thus, the Court will analyze the Rule 60(b)(1) first.

### B. The Rule 60(b)(1) Claim

When a case is dismissed on technical grounds, and a party seeks relief from the dismissal, the court must apply the following factors to determine whether relief is appropriate: "the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (citations omitted). However, when a case is dismissed on the merits, courts must apply a stricter standard for determining whether a party has shown "excusable neglect." *Id*. at 833 (recognizing that there is "a more lenient standard for excusable neglect in cases of default than in cases when a party neglects to raise a certain argument."). In this case, plaintiff's claims against defendant SunTrust were dismissed on the merits. Thus, plaintiff will be held to a higher standard for demonstrating "excusable neglect"- that is, failure to amend the complaint prior to dismissal.

In determining whether relief is appropriate under Rule 60(b)(1), courts apply three factors: "(1) culpability- that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorous underlying claim or defense." *Gumble v. Waterford Township*, 171 Fed.Appx. 502, 506 (6th Cir. 2006) (citing *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003)). The party seeking relief "must first demonstrate a lack of culpability before the court

3

examines the remaining two factors." *Gumble*, 171 Fed.Appx. at 506. Thus, the Court will first determine whether plaintiff has shown "excusable neglect" for failing to amend his complaint.

Under this high standard, it is clear that plaintiff has failed to show "excusable neglect." After the Motion to Dismiss [Doc. 4] was filed in January 2009, plaintiff had more than nine months to amend his complaint. When plaintiff appointed Mr. Hurley as new counsel in July 2009 [Doc. 12], there was still more than three months to amend the complaint.

Plaintiff argues that the Order of Dismissal [Doc. 13] should be set aside because of "extraordinary circumstances" resulting from Mr. Hurley's work schedule. [Doc. 19]. In particular, plaintiff argues that Mr. Hurley was unable to file an amended complaint because he was swamped with other cases:

> Plaintiff's new and present counsel was unable to draft and file a comprehensive Amended Complaint . . . due to the need for analysis of the complicated and intricate relationship of this case with the four other related cases, and the boxes of files and documents related thereto.

[Doc. 19 at 3]. An increased workload by itself is not a sufficient reason to grant relief. When Mr. Hurley was appointed as plaintiff's counsel in July 2009, he still had over three months to amend the complaint. Mr. Hurley had ample time to amend his complaint and failed to do so.

Plaintiff also complains that his new counsel only had a few months to amend the complaint before it was dismissed. "Plaintiff was also surprised to learn that the Motion to Dismiss was granted just two months after he obtained new counsel, when that Motion had been pending for over four months . . ." [*Id*.]. First, there is nothing surprising about the Court's decision. Plaintiff had more than nine months to amend a complaint, and failed to do so. Moreover, plaintiff's new attorney had ample time to amend his complaint and failed to do so. When the case was dismissed, it was

4

dismissed on the merits and not technicalities. This is an important point because the Sixth Circuit has recognized that when a case has been dismissed on the merits, the party seeking to have the dismissal set aside has an even higher burden. See *Burrell v. Henderson*, 434 F.3d at 833. In conclusion, the Court finds that plaintiff has not established "excusable neglect" sufficient to set aside the Order of Dismissal.

C.     **The Rule 60(b)(6) Claim**

Rule 60(b)(6) is the catch-all provision allowing courts to set aside a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, the Sixth Circuit has instructed that this provision should only be applied in "unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This is a high standard for two reasons. First, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgment and termination of litigation.'" *Id*. at 524 (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Second, this is because "'almost every conceivable ground for relief is covered' under the other subsections of Rule 60(b)." *Blue Diamond Coal Co.*, 249 F.3d at 524 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

A plaintiff seeking relief under Rule 60(b)(6) must rely on reasons independent from the other subsections. *See Blue Diamond Coal Co.*, 249 F.3d at 524. This is precisely why plaintiff's 60(b)(6) claim fails. In arguing his 60(b)(6) claim, plaintiff relies upon the same facts he cited in

support for relief under Rule 60(b)(1).[1]

In conclusion, the Court finds that plaintiff has failed to show "exceptional circumstances" justifying relief under Rule 60(b)(6). Plaintiff was aware of the motion to dismiss- and therefore the defects in his complaint- for more than nine months before the complaint was ultimately dismissed. In addition, plaintiff's new attorney had more than three months to amend the complaint before it was dismissed. Finally, plaintiff has failed to provide any reasons independent from those offered in support of his Rule 60(b)(1) claim. Accordingly, the Court finds that plaintiff has not established "exceptional circumstances" sufficient to set aside the Order of Dismissal.

## III. CONCLUSION

For the foregoing reasons, plaintiff's Motion for Relief from the Order of Dismissal [Doc. 18] is **DENIED**, whereby all claims against defendant SunTrust remain **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge

---

[1] In support of his Rule 60(b)(1) claim, plaintiff argues that "under the circumstances of this case, where initial counsel felt compelled to withdraw from representing the Plaintiff due to advice from his doctor; the voluminous and complex nature of the present suit and the related litigation; and Plaintiff's minimal delay in moving to amend his Complaint after retaining replacement counsel; relief under Rule 60(b)(1) is just, appropriate and within the Court's ample discretion." [Plaintiff's Reply to Defendant's Response Opposing the Motion for Relief from the Order of Dismissal, Doc. 24 at 4]. In support of his Rule 60(b)(6) claim, plaintiff argues that "the circumstances of this case . . . should be considered as sufficiently unusual and extraordinary . . ." [*Id*. at 4]. Simply put, the facts underlying his claims are the same.